UNITED STATES ex rel. COND et al. v. BARRY et al.

(*Circuit Court, W. D. Michigan.* October 15, 1888.)

BANKS AND BANKING—SHAREHOLDERS—RIGHT TO VOTE—UNPAID LIABILITIES.
　　The past due and unpaid liability of a shareholder, which, under Rev. St. §
　　5144, disqualifies him from voting at an election of directors of a national
　　bank, is limited to his liability for unpaid subscriptions to stock.

Information in the Nature of a *Quo Warranto.*

This was an information in the nature of a *quo warranto* to oust the respondents from the directorship of the Farmers' National Bank of Constantine. The facts, most of which were admitted, were substantially as follows: At an election of directors, held January 10, 1888, the relators received 249½, and the respondents 250½ votes. The respondents, with two others who were elected unanimously, proceeded at once to organize, by the election of Charles H. Barry as president. The validity of the election of the directors Barry, Markham, and Thorne was attacked upon the ground that Charles H. Barry, president of the bank, and owner of 93 shares, was liable to the bank upon commercial paper which was due and unpaid at the time of the election, and therefore that his vote was cast in violation of Rev. St. § 5144, which declares that "no shareholder, whose liability is past due and unpaid, shall be allowed to vote." The facts were that he had become liable as surety upon two notes of $857.40 and $94, which had matured a few days before the election, and remained unpaid until about January 14th. At the time of the election he had forgotten the existence of these notes, which he had signed as joint maker, though he was really only a surety, and for the purpose of obtaining the custom of the principals for his bank.

*C. F. Uhl* and *Dallas Boudeman,* for relators.

*M. L. Howell* and *John B. Shipman*, for respondents.

BROWN, J., (*after stating the facts as above.*) This is a very simple case. It turns practically upon the construction to be given to the last clause of section 5144, which provides that "no shareholder, whose liability is past due and unpaid, shall be allowed to vote" at any election of directors of a national bank. If, by the word "liability," in this case is meant the liability of the shareholder of every name and nature, or even his liability upon commercial paper, it is difficult to avoid the conclusion that Barry was disqualified to vote. If, upon the other hand, the word is limited by the context to his liability for unpaid subscriptions to or assessments upon stock, then it is clear that he was not disqualified, and that the respondents were duly elected directors. I have no doubt whatever that the latter is the proper construction.

The section in question is found in the first chapter of the national banking law, entitled "Organization and Powers." The prior sections provide for the formation of national banking associations by any number of natural persons, not less than five, for the requisites of the organization certificate, for the acknowledgment and recording of the same with the comptroller of the currency; defines the corporate powers of banks, the limitations under which they may hold real estate, the requisite amount of capital, which shall be divided into shares of $100 each; declares that at least 50 per cent. of the capital stock shall be paid in before the bank shall commence business, and the remainder shall be paid in monthly installments of at least 10 per cent. each. It further provides that whenever a shareholder fails to pay an installment upon his stock, the directors may sell the stock of such shareholder at auction, and the excess, if any, over the amount then due, shall be paid to the delinquent shareholder. After providing both for an increase and reduction of the capital stock, the statute further declares (section 5144) that "in all elections of directors, and in deciding all questions at meetings of shareholders, each shareholder shall be entitled to one vote on each share of stock held by him. Shareholders may vote by proxies duly authorized in writing, but no officer, clerk, teller, or book-keeper of such association shall act as proxy, and no shareholder, whose liability is past due and unpaid, shall be allowed to vote." The succeeding sections provide for the election, qualifications, and oath of directors and of the president, limit the individual liability of shareholders, and make other provisions with reference to the organization of associations from state banks. Other chapters relate to the obtaining and issuing of circulating notes, the regulation of the banking business, and the subject of dissolution and receiverships. Found in the connection in which it is, it is evident that section 5144 was intended as a piece of legislative machinery for the organization of national banks. The clause in question, declaring the circumstances under which a shareholder should be disqualified from voting, is in the nature of a penalty, and should be limited in its construction to the object sought to be accomplished by the general provisions of the chapter. By the act in question congress proposed to

establish a system of responsible banks throughout the country, which should be under the authority and control of the federal government, and subject to the supervision of federal officers. It had been a common complaint against the banking laws of the several states, that subscriptions to stock were often little more than nominal, and that the capital was too frequently represented by promissory notes, which, upon the insolvency of the banks, proved to be wholly worthless. To obtain the confidence of the public, it was important that the capital stock should be paid in cash, and to secure such payment it was provided that the stock of delinquent shareholders should be subject to sale for non-payment of assessments, and also that such shareholders should be debarred from voting at any election of directors. This was a perfectly reasonable requirement, but it would not be reasonable that every liability of the shareholder should be adjusted before the election. A large amount of the business of every bank is done by the shareholders themselves, who are sometimes numbered by the hundred, and it would naturally be a matter of frequent occurrence that there would be unpaid liabilities of some of these at the time of the election. Against them the bank would have the ordinary legal remedies it has against its other debtors, but it is difficult to see why it should be entitled to any extraordinary remedies; especially when, as in this case, the liability is only that of a surety, and the failure to pay merely accidental. Such a construction would not only subject the shareholder to a penalty for the non-payment of his own debts, but would disentitle him to vote by reason of the non-payment of the debts of others, in which he has no personal interest beyond the obligation to pay them in case such other persons fail to do so. I think the statute should be limited to the liability of the shareholder for the non-payment of his subscription as such shareholder.

Judgment will therefore be entered for the respondents, with costs, against the relators. I am authorized to state that the circuit judge concurs in this opinion.