Merrimack,  
June 29, 1907.

HUB CONSTRUCTION CO. *v.* NEW ENGLAND BREEDERS' CLUB *&* a.

*Mandamus* is the appropriate remedy by which to enforce the right of stockholders and creditors to an inspection of the records, accounts, and papers of a corporation.

The clerk of a corporation who wrongfully refuses to permit an inspection of its records, accounts, and papers is not thereby made liable to the penalty prescribed by section 14, chapter 148, Public Statutes.

Where a creditor having an overdue and unpaid demand against an insolvent corporation seeks to enforce his right to an inspection of its records and accounts, his petition is sufficiently definite if it alleges his desire to inspect all papers containing specified information to which he is entitled, and sets forth the relation of such information to his debt or its collection.

The statutory right of a creditor of a corporation to inspect its records and accounts is not dependent upon the purpose of the inspection, nor upon the admissibility of the documents as evidence in a proceeding for the collection of the debt.

PETITION, for *mandamus.* Transferred from the April term, 1907, of the superior court by *Chamberlin,* J. The petition alleges that the plaintiffs are creditors of the Breeders' Club, having an overdue and unpaid demand against that corporation; that the defendant Hollis is clerk of the corporation and has in his possession certain records, accounts, and papers of the corporation, which have relation to the plaintiffs' demand, namely, the clerk's records,

the names of associate grantees and their respective dates of election, and the names of stockholders and when each became or ceased to be such; and that he refuses to allow inspection thereof by the plaintiffs' attorneys. The prayer of the petition is that Hollis be ordered to allow the plaintiffs' attorneys, or one of them, to inspect said records, accounts, and papers.

The Breeders' Club was defaulted. Hollis appeared and filed a motion to dismiss, which was denied without exception. The plaintiffs then filed an amendment to their petition, stating that they desired, through their attorneys, to inspect all records, accounts, and papers belonging to the Breeders' Club, for the purpose of obtaining, among other things, the following information: (1) The names of all grantees and associate grantees, the residence of each, when elected, how long each was connected with the corporation, and what votes or acts each participated in with reference to incurring any debts or obligations against the corporation. (2) The name and residence of each director, when elected, and how long he remained in office. (3) A list of the stockholders and their respective residences, and when certificates of stock were issued to each. (4) The amount of debts, liabilities, and contracts of the Breeders' Club, and when each debt, liability, or contract was incurred. (5) A list of all the officers of the Breeders' Club, and when each one was elected, and how long he remained in office. (6) In what way the capital stock was paid in, and whether any part of the same has been withdrawn or refunded to any stockholder. (7) The total amount of debts, contracts, and liabilities incurred by any officers, down to and including July 30, 1905. (8) The value of the property of the club on July 30, 1905, and the value of the property at the present time. (9) The date of each directors' meeting and the names of directors who acted in the same. (10) If the capital stock was paid into the club, when it was paid and in what form. (11) A list of the officers or agents of the Breeders' Club, with the date of their election, the scope of their duties, and the terms during which they respectively held office or acted as such officers or agents, from the date of the incorporation of the club down to the present time.

The defendant Hollis then answered, alleging that "he has no records, accounts, or papers of said New England Breeders' Club touching the information specified, in his possession, the discovery or inspection of which may not expose him to pains and penalties, or subject him to some forfeiture or something in the nature of forfeiture, or tend to convict him thereof, or lead to a violation of professional confidence." A hearing was had upon this answer, and the defendant Hollis was ordered to answer further, plead, or

demur to every material allegation of the petition.    To this order he excepted, and demurred to the amended petition, stating the following grounds: (1) That the discovery or relief sought may subject said defendant to pains and penalties, or to some forfeiture, or something in the nature of forfeiture.    (2) That said bill does not allege any suit pending, or to be brought, in which the discovery sought would be material.    (3) That said bill does not describe with sufficient accuracy the records, accounts, and papers, or the parts of the same, which it desires to inspect.    (4) That said bill does not show by clear averment the materiality of the records, accounts, and papers sought to be disclosed.    (5) That said bill is not incidental to any relief which said court has the right to grant. . (6) That said plaintiff has no right to compel the submission of any records, accounts, and papers in said defendant's possession, to general inspection, or examination, with a view to find evidence to be used in other suits or prosecutions.    (7) That said plaintiff does not show that it is fairly entitled to the evidence sought in order to enable it properly to prepare and try its case.    (8) That said plaintiff has a full, adequate, and complete remedy at law by special statute.    (9) That said bill does not state a case coming within the principles of equity jurisprudence.

The demurrer was overruled, and the defendant Hollis was ordered to submit for inspection of the petitioners' attorney all the records, accounts, or papers relating to the overdue and unpaid demand of the petitioners which are in his hands and possession as clerk of said corporation, or which belonged to the records and files of the corporation.    To this order he excepted.

*Taggart, Dickinson, Wyman & Starr,* for the plaintiffs.

*Harry J. Brown,* for Henry F. Hollis.

Parsons, C. J.    *Mandamus* is the appropriate remedy by which to enforce the right of corporate stockholders and members to an inspection of the books and records of the corporation, and of creditors of the corporation in cases where such right is given by statute.    10 Cyc. 961, *s.* 20b; High Ex. Rem., *ss.* 308, 312; 2 Spell. Ex. Rel., *s.* 1610; *Queen* v. *Railway,* 3 E. & B. 784.    The proceeding is therefore to be considered as an application for such writ, and not as a bill of discovery.    This is especially clear in this state, since the original of the statute under consideration was adopted in 1830 (Laws 1830, *c.* 13, *s.* 1), when, whatever may be the fact as to the existence of equitable principles as a part of the common law of the state, there was no court with general chancery

powers, and the accepted construction of the law was that the court had no chancery power except what was specifically conferred by statute. *Reynolds* v. *Fibre Co.*, 71 N. H. 332, 333; *Wells* v. *Pierce*, 27 N. H. 503, 512; *Dover* v. *Portsmouth Bridge*, 17 N. H. 200, 212. It is not probable, as the law was then understood, that in 1830 the legislature, in granting a right of inspection of the votes and proceedings of corporations to creditors whose demands were unpaid, contemplated a proceeding in equity for discovery, general authority for which was not specifically conferred upon the court until twelve years later. *Reynolds* v. *Fibre Co.*, *supra*; Laws 1828, Nov. Sess., *c.* 95, *s.* 9 (Act of January 2, 1829); Laws 1832, *c.* 89, *s.* 9; R. S., *c.* 171, *s.* 6. As the proceeding is not a bill for discovery, or a petition in the nature of such a bill, it is immaterial whether the allegations of the petition are sufficient to sustain such a proceeding. The authorities cited by the defendant to sustain his contentions in this respect, and those construing statutes authorizing proceedings of this nature, are not in point.

This conclusion, however, does not meet all the objections raised by the defendant. Other grounds remain to be considered. Among them, the one first stated is that the relief sought may subject the defendant to pains and penalties, or some forfeiture, or something in the nature of a forfeiture. It is a sufficient answer to this contention that it is not supported by the facts in the case. By section 14, chapter 148, Public Statutes, the clerk or other officer or agent of a corporation is made liable to a penalty for the neglect or refusal to furnish, after demand, and payment or tender of his fees, a certified copy of any record, account, or paper which the party demanding is entitled to inspect. This is a penal statute and must be strictly construed. The penalty attaches to the neglect or refusal for the specified time to give the certified copy, and not to the refusal to permit inspection—the only matter now alleged against the clerk. As the defendant is not on the facts alleged liable to any penalty, compelling him to perform his statutory duty—the relief asked—will not subject him to one. Whether, if he had made himself liable to the penalty, that fact would excuse him from obeying the law permitting inspection, is not considered. As there is no penalty prescribed against any officer of a corporation who refuses to permit an inspection of the records, accounts, and papers of a corporation, the statute itself fails to provide a remedy, and the defendant's argument under his eighth ground—that the plaintiffs should first exhaust the remedy provided by the statute—is without support.

The remaining reasons urged in support of the demurrer—that the papers which the plaintiffs desire to inspect are not described

with sufficient accuracy, that their *materiality is not shown by clear averment, and that the plaintiffs are not entitled to a general inspection of the corporation papers*—are in substance an objection that the facts upon which the plaintiffs rest their right to the writ are not definitely or sufficiently alleged.

" When a statute is relied upon as a declaration of a duty to do a thing, it should clearly appear by its terms or necessary implication that the performance of the act devolved upon the defendant, for the benefit of the petitioner; . . . and all the facts upon which rests the relator's claim to have the duty performed must be alleged in issuable form." 2 Spell. Ex. Rel., s. 1370. The statute upon which the plaintiffs rest their right is as follows: "All records, accounts, and papers of a corporation shall be open to the inspection of every member and stockholder of the corporation; and such portions thereof as have any relation to an overdue and unpaid demand of a creditor of the corporation, or to the collection of any such demand, shall be open to the inspection of the creditor and of his attorney." P. S., c. 148, s. 12. As the statute requires certain papers to be open to inspection, it follows by necessary implication that the duty devolves upon the person in charge of such papers to permit the exercise of the right of inspection by those to whom it is given. The defendant is alleged to be clerk of the corporation, and as such officer is the official custodian of certain of the records and papers of the corporation. P. S., c. 148, ss. 10, 11. The petition alleges certain records and papers to be in his possession and the existence of the plaintiffs' overdue and unpaid demand to which it is alleged the said records and papers have relation. The only allegation that appears to be open to the objection of insufficiency is the one alleging that the records and papers named have relation to the plaintiffs' demand.

Whether the papers have any relation to the plaintiffs' demand or its collection would seem to be an inference to be drawn from the facts in the case. Whether a particular inference can be drawn is a question of law; and there seems to be force in the defendant's contention that the facts from which such inference is claimed to be drawn should be alleged, thereby affording the opportunity for a joinder of issue on the questions of fact and law involved. The plaintiffs, by amendment to their petition, set forth various items of information which they desire to obtain. It also appears from the defendant's pleading that the corporation is insolvent. From this fact and the nature of the information asked for by the plaintiffs, it may be inferred that the relation between the records and papers the plaintiffs desire to inspect and their unpaid demand and its collection is the assistance the information

that may be disclosed thereby may render in the collection of their demand, by the enforcement of the individual liability of the officers and stockholders of the corporation. P. S., cc. 150, 151; *Carter, Rice & Co.* v. *Hano Co.*, 73 N. H. 588. It is not to be inferred as matter of law that the plaintiffs have knowledge of the particular records, accounts, and papers in the defendant's possession; and an allegation that they desire to inspect all papers containing specified information to which the statute entitles them, as having some relation upon the ground suggested, or some other which may be alleged, to their demand or its collection, would seem to be as definite a description as could be obtained in advance. Upon the interpretation of the amendment above suggested, the record discloses all the facts which in this respect the defendant claims should be shown by the allegations of the petition. The objection therefore upon the whole record is merely formal, and can be easily obviated by inserting in the petition by amendment the fact of the insolvency of the corporation and the desire of the plaintiffs to inspect, in addition to the papers named in the petition, all records, accounts, and papers containing the information specified in the amendment. As the amendment will obviate the objection, it is not necessary to further consider its necessity. *Fellows* v. *Judge*, 72 N. H. 466, 467; *Peaslee* v. *Dudley*, 63 N. H. 220. The objection to indefiniteness in the order can be cured in the same way, by limiting the inspection to the records, accounts, and papers containing the information specified in the amended petition.

The great weight of the American authorities as to the stockholders' right of inspection is to the effect that when the right is statutory it is not necessary for the petition to aver or show the purposes or objects of the inspection. *Cincinnati etc. Co.* v. *Hoffmeister*, 62 Ohio St. 189, 198,—78 Am. St. Rep. 707; *Stone* v. *Kellogg*, 165 Ill. 192, 206,—56 Am. St. Rep. 240; *Ellsworth* v. *Dorwart*, 95 Ia. 108,—58 Am. St. Rep. 427; *Johnson* v. *Langdon*, 135 Cal. 624, 626,—87 Am. St. Rep. 156. The cases proceed upon the principle that where a party has a legal right to do a thing, the motive that may move him to act is not a proper subject even for judicial investigation. *Friel* v. *Plumer*, 69 N. H. 488, 489; *Horan* v. *Byrnes*, 72 N. H. 93, 98; 10 Cyc. 956, s. 4. In the present case, no reason appears why the plaintiffs should be required to allege more than the statute defines as the basis of their right. Whether such an application was for a proper purpose would ordinarily be determined in the trial of the question whether the subjects of the inspection desired bore any relation to the creditor's unpaid demand or its collection.

Without deciding whether the motives or purposes of a creditor

in seeking to enforce the right given by statute might not be such as to defeat his application for *mandamus*, the present case is disposed of by the conclusion that the allegation of all the facts made essential by the statute is upon demurrer a sufficient statement of the ground upon which the right is demanded. The admissibility of the records, papers, and accounts as evidence in some proceeding brought by the creditor against the corporation, or some other, is not made a test of his right to inspect them. It cannot be said as matter of law that such papers have not some relation to the creditor's demand or to its collection, though the documents themselves may not be admissible as evidence in a proceeding to enforce the creditor's right.

*Case discharged.*

All concurred.