[No. 8304. Department One. April 29, 1910.]

## J. R. BROWN, *Respondent*, v. J. P. KILDEA et al., *Appellants*.[1]

CORPORATIONS—OFFICERS—INSPECTION OF BOOKS—STATUTES—PENAL STATUTES. Rem. & Bal. Code, §§ 3701, 3702, requiring corporations to keep a stock book and allow an inspection thereof and of papers filed, and providing that any officer failing to do so shall forfeit and pay to the injured party a penalty of not less than $100 or more than $1,000, and all damages resulting therefrom, is a penal statute in so far as the penalty is concerned, and to be strictly construed; since the penalty is not given as compensation for any injury, and was intended as a punishment, allegation and proof of actual injury being unnecessary.

SAME. Construing strictly that portion of Rem. & Bal. Code, § 3702, imposing a penalty in favor of the "injured party" upon any officer of a corporation who shall refuse to exhibit to a stockholder or creditor the stock book or any papers "placed on file," in order to subject an officer to the penalty there must be a demand for inspection of the book named or a designated paper or papers lodged with and kept by the corporation pertaining to the corporate business, and the demand must be made by a party having an interest in such inspection; a demand to inspect the "books and papers" not being sufficient.

[1]Reported in 108 Pac. 452, 1135.

COSTS—ON APPEAL—FOR PRINTING BRIEFS. Where the case was a simple one and could have been presented in a brief of 75 pages, costs of printing a brief of 240 pages will not be allowed in excess of the usual sum for a brief of the smaller size.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 2, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover a penalty. Reversed.

*C. S. Voorhees* and *Reese H. Voorhees,* for appellants.

*Burcham & Blair* and *H. N. Martin,* for respondent.

GOSE, J.—This action was brought by the plaintiff as a stockholder of the Montana Scotch Bonnet Copper and Gold Mining Company, a corporation, against the defendants, its officers and trustees, for the recovery of a penalty, and is based on §§ 3701 and 3702, Rem. & Bal. Code, which are as follows:

"§ 3701. It shall be the duty of the trustees of every company incorporated under this chapter to keep a book containing the names of all persons, alphabetically arranged, who are or shall be stockholders of the corporation, and showing the number of shares of stock held by them respectively, and the time when they became the owners of such shares, which book, during the usual business hours of the day, on every day excepting Sunday and legal holidays, shall be open for the inspection of stockholders and creditors of the company, at the office or principal place of business of the company; and any stockholder or creditor of the company shall have the right to make extracts from such book, or to demand and receive from the clerk or other officer having the charge of such book a certified copy of any entry therein, or to demand and receive from any clerk or officer a certified copy of any paper placed on file in the office of the company; and such book and certified copy shall be presumptive evidence of the fact therein stated in any action or proceeding against the company or any one or more of the stockholders."

"§ 3702. If at any time the clerk or other officer having charge of such book shall make any false entry, or neglect

to make any proper entry therein, or having the charge of any papers of the company shall refuse or neglect to exhibit the same, or allow the same to be inspected or extracts to be taken therefrom, or to give a certified copy of any entry, as provided in the preceding section, he shall be deemed guilty of a misdemeanor, and shall forfeit and pay to the injured party a penalty of not less than one hundred dollars nor more than one thousand dollars, and all damages resulting therefrom, to be recovered in any action of debt in any court having competent jurisdiction; and for neglecting to keep such book for inspection as aforesaid, the corporation shall forfeit to the people the sum of one hundred dollars for every day it shall so neglect, to be sued for and recovered in the name of the people in the superior court of the county in which the principal place of business of the corporation is located."

The official dereliction charged is that the defendants, having charge of "the books and papers" of the corporation, pursuant to "a concerted and agreed course of action," refused the repeated demands of the plaintiff that he be allowed to inspect them. The prayer is for a judgment for $1,000, the maximum penalty under the statute, and for costs. A general demurrer having been overruled, the defendants answered jointly, admitting that they are the officers and trustees of the corporation, and joining issue on the other averments of the complaint. The case was tried to a jury, which returned a verdict for the plaintiff in the sum of $850. From a judgment entered on the verdict, the defendants have appealed.

The appellants objected to the introduction of any testimony, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and at the close of the respondent's evidence, moved the court to withdraw the case from the jury. After verdict the appellants moved for a judgment notwithstanding the verdict.

The appellants contend that the statute is a penal one and should be strictly construed, whilst the respondent asserts that, in so far as it affects the case at bar, it is remedial

and should receive a liberal interpretation. We think the
appellants have the correct view of the statute. Under the
statute the officer who violates its provisions is deemed guilty
of a misdemeanor, the penalty to the state being imprison-
ment in the county jail not more than one year or by fine
not exceeding $500, or by both such fine and imprisonment
(Rem. & Bal. Code, § 2984) ; and to the "injured party a
penalty of" not less than $100 nor more than $1,000, and
all damages which he sustains. We agree with the learned
trial court that a statute may be penal in part and remedial
in part. The remedial part of this statute, however, is the
provision for the recovery of actual damages. The penalty
is not imposed as compensation, but as a part of the punish-
ment of the offending officer. A statute which subjects one
person to the payment of a sum of money to another, with-
out reference to any actual injury and without requiring
him either to allege or prove an actual injury, is a penal
statute. *Steam-Engine Co. v. Hubbard,* 101 U. S. 188;
*Derrickson v. Smith,* 27 N. J. L. 166; *Southern Building &
Loan Ass'n v. McCants,* 120 Ala. 616, 25 South. 8; *Casey v.
St. Louis Transit Co.,* 116 Mo. App. 235, 91 S. W. 419;
*Brown v. Clow,* 158 Ind. 403, 62 N. E. 1006; *Hub Const.
Co. v. New England Breeders' Club,* 74 N. H. 282, 67 Atl.
574.

The respondent, among other cases, cites: *Huntington v.
Attrill,* 146 U. S. 657; *Aylsworth v. Curtis,* 19 R. I. 517,
34 Atl. 1109, 61 Am. St. 785, 33 L. R. A. 110; *Reed v.
Inhabitants of Northfield,* 13 Pick. 94, 23 Am. Dec. 662;
*Mansfield v. Ward,* 16 Me. 433. We do not think these cases
support the respondent's contention. In *Huntington v. Att-
rill,* a judgment was obtained in the state of New York
against a director in a New York corporation, for the
amount of the debts of the corporation, for making oath to
a certificate which he knew to be false. In a suit upon the
judgment in the state of Maryland, the court of that state
refused to enforce it, because the statute imposing the liabil-

ity was penal in its nature. The supreme court held that it was not penal within the maxim of the international law that "the courts of no country execute the penal laws of another," and that the full faith and credit clause of the Federal constitution required the courts of Maryland to give it effect. It was said, however: "As the statute imposes a burdensome liability on the officers for their wrongful act, it may well be considered penal in the sense that it should be strictly construed." In *Aylsworth v. Curtis*, in discussing the distinction between penal and remedial statutes, it was said that, where an action is founded entirely upon a statute having for its object the recovery of a penalty or a forfeiture, the statute is clearly penal; but that, where it gives the injured party enhanced or double damages for a wrong suffered or a right violated, it is remedial. In *Reed v. Inhabitants of Northfield* the court, speaking through Mr. Chief Justice Shaw, said:

"And where the statute gives a penalty, and the thing sued for is pursued as a penalty, although the right to sue is given only to the party grieved, and even though the whole penalty when recovered shall go to the party grieved, still the same rule may apply, because the form of proceeding is still for a penal sum, and the ostensible and real object of the suit, in form at least, is punishment";

but that a law which gives enhanced damages is remedial. In *Mansfield v. Ward*, it was held that a statute was penal which provided for the recovery of a penalty without reference to the actual damages sustained. Statutes permitting recovery of double and treble damages have been usually classed by the courts as remedial, on the ground that they sustain a relation to the actual damages suffered. Under our statute a stockholder owning one hundred shares of stock is allowed the same recovery as a stockholder owning one hundred thousand shares of stock. It is apparent, therefore, that the penalty was intended as a punishment, and in no sense as indemnity or compensation.

Applying this rule of construction, it is apparent that the book referred to in § 3702 is the stock book mentioned in § 3701, and that the papers referred to in § 3702 are the papers "placed on file" within the meaning of the preceding section. The statute does not define what constitutes the filing of a paper, but the reasonable interpretation is that it must be some paper lodged with and kept by the corporation and pertaining to its corporate business. If the clerk or other officer having charge of such paper refuses to exhibit it or refuses to allow it to be inspected or extracts to be taken from it, he is penalized in favor of the *injured* party. What is meant by the phrase "the injured party"? The variety and magnitude of the corporate business of the state forbids a construction which would impose a penalty upon an officer who refused an inspection where the demand was prompted by curiosity or a desire to vex or harass the management. It would hardly be contended that every stockholder in a banking corporation has the right to inspect all the checks of its patrons, or that he may demand as of right to inspect escrow contracts or other papers kept for the accommodation of third parties. To subject the offending officer to the payment of the statutory penalty there must be a demand for an inspection of the book named in the statute, or a designated paper or papers lodged with and kept by the corporation and pertaining to its corporate business, and the party making the demand must have an interest in inspecting the paper, and there must be a refusal to comply with the demand. Measured by this interpretation, the demand pleaded to inspect the books and papers does not meet the requirements of the statute. A consideration of the evidence discloses that the respondent demanded of each of the appellants the privilege of inspecting "the books" in order that he might convince them that he was a stockholder, a fact which the appellants were denying. The court instructed the jury to disregard that part of the complaint and the evidence pertaining to a demand to see the books,

and submitted the case upon the evidence of a demand and refusal for an inspection of the papers. There was no evidence showing a demand for any designated paper, and no substantial evidence showing a demand for any paper or papers, or showing that the appellants were in possession of any paper. The motion for a judgment notwithstanding the verdict should have been granted. What we have said must not be construed as modifying the rule announced in *State ex rel. Weinberg v. Pacific Brewing & Malting Co.*, 21 Wash. 451, 58 Pac. 584, 47 L. R. A. 208. That was a mandamus proceeding by a stockholder in a corporation to enforce his right to inspect the books of account in order that he might learn the condition of its affairs.

The judgment is reversed, with directions to dismiss the action.

RUDKIN, C. J., CHADWICK, and FULLERTON, JJ., concur.

MOTION TO RETAX COSTS.

[Decided May 26, 1910.]

PER CURIAM.—The appellants have filed a cost bill for $193.50, for printing their brief on appeal. No reply brief was filed. The opening brief contains two hundred and forty-four pages. The respondent has filed exceptions to this item, and contends that the issues could have been properly presented in a brief of seventy-five pages. He has also filed an affidavit showing that the current rate for printing briefs in Spokane, where the case was appealed, was, at the time of the printing of the appellants' brief, seventy-five cents per printed page. The issue was a simple one, involving the construction of two sections of the statute. We think the appellants' view of the case could have been presented in a brief of seventy-five pages. This item will be allowed to the extent of $57, and disallowed as to the remainder.