AUGUST LAUER, Appellant, v. THE BAYSIDE NATIONAL BANK and Others, Respondents.

Second Department, May 24, 1935.

*Jonas Himmelfarbe,* for the appellant.

*Charles W. Froessel* [*George P. Stier, Frank L. Giusti, William H. Hinrichs* and *Theodore G. Clarke* with him on the brief], for the respondents.

YOUNG, J. The action is brought to recover penalties for noncompliance by the defendants with the provisions of section 10 of the Stock Corporation Law in refusing plaintiff permission to inspect the stock book of the corporate defendant. The individual defendants are officers and directors of the corporate defendant and are made parties defendant because of their having the custody and control of the stock book or of having refused plaintiff such inspection. The amended complaint contains nine causes of action, each being for a penalty of fifty dollars for each separate refusal to permit the inspection in question. The corporate defendant is a national banking corporation, organized under the National Banking Act of the United States. Motions to dismiss the complaint as being insufficient to state a cause of action resulted in five separate orders granting such motions. Plaintiff appealed to the Appellate Term from these orders, and that court affirmed the orders and made the order appealed from.

The question presented on this appeal is whether section 10 of the Stock Corporation Law is applicable to a National bank organized under the acts of Congress. It is unnecessary to determine whether a National bank is a foreign or a domestic corporation.

Under the National Banking Act, National banking associations are to " be deemed citizens of the States in which they are respectively located." (U. S. Code, tit. 28, § 41, subd. 16; *Matter of Tuttle* v. *Iron Nat. Bank*, 170 N. Y. 9; *People ex rel. Lorge* v. *Consol. Nat. Bank*, 105 App. Div. 409.) Although they are brought into existence by Federal legislation and are, therefore, subject to the paramount authority of the United States, they are, nevertheless, subject to State laws in respect to their affairs, unless such laws are in conflict with the paramount law of the United States. (*United States Pipe & Foundry Co.* v. *City of Hornell*, 146 Misc. 812; *First Nat. Bank* v. *Missouri*, 263 U. S. 640.)

This brings us to the question whether the provisions of section 10 of the Stock Corporation Law, providing for the penalties sued for in this action, are in conflict with the provisions of the National Banking Act. Section 40 of that act (U. S. Code, tit. 12, § 62) provides as follows: " The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under State authority, during business hours of each day in which business may be legally transacted."

It will be observed that this statute provides for the inspection of the stock book of a National bank by its stockholders, but contains no provision for any particular remedy nor for any penalty for the refusal of the bank or its officers to allow such inspection. This statute, as well as the provisions of section 10 of the Stock Corporation Law relating to the right of a stockholder to inspect the stock book, is declaratory of a common-law right, and the right of a stockholder to so inspect the stock book may be enforced by mandamus. (*Matter of Tuttle* v. *Iron Nat. Bank, supra.*)

In *Easton* v. *Iowa* (188 U. S. 220) it was held that, so far as the Iowa Code attempted to prohibit National banks from receiving deposits when insolvent and prescribe a punishment for a violation of such prohibition by any officer or agent thereof, it was invalid as an attempt to control and regulate the business operations of National banks. The court in that case quoted from *Prigg* v. *Commonwealth of Pennsylvania* (16 Pet. 539, 617) as follows: " If Congress have a constitutional power to regulate a particular subject, and they do actually regulate it in a given manner, and in a certain form, it cannot be that the State Legislatures have a right to interfere, and, as it were, by way of complement to the legislation of Congress, to prescribe additional regulations, and what they may deem auxiliary provisions for the same purpose. In such a case, the legislation of Congress, in what it does prescribe, manifestly indicates that it does not intend that there shall be any farther legislation to act upon the subject matter. Its silence as to what it does not do, is as expressive of what its intention is as the direct provisions made by it."

The result of the above decisions seems to be that the provision for a penalty, contained in section 10 of the Stock Corporation Law, is in conflict with the Federal statute and cannot, therefore, be enforced against the bank. In other words, the Congress of the United States has legislated on the subject of the duty of a National bank to permit the inspection of its stock records by its stockholders. It has not, however, provided any particular remedy by which an aggrieved stockholder may enforce this duty, leaving him to the appropriate legal remedies existing for that purpose. Nor has it provided any punishment for the violation of this duty nor any penalty therefor, and it is not within the province of the State Legislature to enact a law supplementing the provisions of the act of Congress. .

The appellant, however, contends that, assuming that the bank is not subject to the provisions of the statute in question, its officers and directors are subject thereto. There is, in my opinion, no merit in this contention. If the statute providing the penalties

in question is not applicable to a National bank and cannot be enforced against it, it cannot be enforced against the officers and directors of the bank.

The order of the Appellate Term should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, HAGARTY, CARSWELL and SCUDDER, JJ.

Order of Appellate Term affirming orders of the City Court of the City of New York, county of Queens, unanimously affirmed, with costs.