**Orvine H. SCHAEFER, Plaintiff-Appellant,**

v.

**H. B. GREEN TRANSPORTATION LINE, Inc., Defendant-Appellee.**

**No. 11630.**

United States Court of Appeals
Seventh Circuit.
April 20, 1956.

Edward H. Norton, Chicago, Ill., for appellant.

George H. Jirgal, Roscoe C. Nash, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, a resident of Illinois, owning shares of stock in defendant, an Iowa corporation, doing business in both Illinois and Iowa, averring that his requests to be permitted to examine the corporate books had been denied and that the amount essential to federal diversity jurisdiction was involved, sought, in the district court, first a writ of mandamus compelling defendant to allow him to examine the records of the company; and, second, a judgment against defendant for 10% of the value of plaintiff's shares in the corporation. The court allowed defendant's motion to dismiss, holding that it had no right to grant the relief prayed by way of mandamus, and that,

inasmuch as plaintiff's second demand was one for a penalty under Illinois statutes, it could not be enforced in the United States District Court in that state for something happening in Iowa. Counsel agree that, after the suit was filed, defendant complied with plaintiff's request for permission to examine the records and that he has been afforded opportunity to make the investigation desired. There remains for decision, then, only the question of the propriety of the trial court's judgment on the demand for the statutory 10%.

Plaintiff seeks to recover, under the provisions of the statute of Illinois, Section 157.45, Chapter 32, Illinois Revised Statutes, 1955, 10% of the value of the shares of stock held by him in defendant corporation because of the latter's failure to permit him to examine its books. The Iowa statute, Section 491.50, Chapter 28, Iowa Code Annotated, also requires its corporations to permit examination of their books by shareholders, but fails to provide for recovery of either damages or penalty.

Defendant insists that the Illinois statute creates a penalty and that the enactment has no extra-territorial force and cannot be so construed as to create a cause of action in favor of a stockholder of an Iowa corporation which has refused him permission to examine its records. In other words, says defendant, the Illinois statute furnishes no basis for recovery by a shareholder in a recalcitrant Iowa corporation. Inasmuch as the Iowa statute provides no recovery, Boardman v. Marshalltown Grocery Co., 105 Iowa 445, 75 N.W. 343, plaintiff, if he is to succeed, must do so by virtue of the Illinois statute.

■ We believe the trial court's decision was right. The Illinois statute cannot be extended extra-territorially to cover a stockholder's right to have books in the state of Iowa examined. Our attention has been directed to no case directly in point, but the applicable reasoning does not differ essentially from that adopted by the court in Lauer v. Bayside Nat. Bank, 1935, 244 App.Div. 601, 280 N.Y.S. 139. There plaintiff sought to subject a national bank, doing business in the State of New York, to the provisions of the statute of that state fixing a penalty to be recovered by a shareholder who had been denied the privilege of examining the corporate books. The court believed that, inasmuch as the federal statute governing national banks did not provide for such a recovery, the state was powerless to step in and apply the New York statute providing recovery of a penalty merely because the bank was doing business in New York. Speaking of the applicable act of Congress, the court said: "It has not, however, provided any particular remedy by which an aggrieved stockholder may enforce this duty, leaving him to the appropriate legal remedies existing for that purpose. Nor has it provided any punishment for the violation of this duty nor any penalty therefor, and it is not within the province of the state Legislature to enact a law supplementing the provisions of the act of Congress." 280 N.Y.S. at page 142.

Where Congress has legislated with regard to a federal corporation, the state is powerless to apply state statutes penalizing such corporation. Such is not precisely our case, but the reasoning of the court is convincing. Here plaintiff is attempting to enforce a demand against defendant corporation where the law creating and governing the actions of that corporation does not supply any basis or foundation for the claim. Though the state of incorporation supplies no cause of action, he insists that the statute of another state, Illinois, does. To permit such action we think, would be to expand unduly the effective range of the Illinois statute, whether the action be lodged in the state court or in the federal court.

■ We are reinforced in this reasoning by the nature of the recovery provided by the Illinois statute. Plaintiff does not seem to deny that if the recovery provided is a penalty the court was without jurisdiction, but insists that the Illinois enactment is remedial and not penal in

character. However, in Babcock v. Harrsch, 310 Ill. 413, at page 417, 141 N.E. 701, at page 703, the Supreme Court of Illinois held to the contrary, saying: "We also agree that the statute is a penal statute under the holding in Brown v. Kildea, 58 Wash. 184, 108 P. 452, 1135, that a statute which subjects one person to the payment of a sum of money to another without reference to any actual injury and without requiring him to allege or prove an actual injury is a penal statute, and in which holding we concur. * * *" Obviously, we are bound by the Illinois court's interpretation.

■ It is generally recognized that penalties fixed by state laws are not enforcible in federal courts or even in other State courts, Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239; Stichtenoth v. Central Stock & Grain Exch., C.C., 99 F. 1 (Judge Jenkins, formerly of this court). The difficulty arises in determining whether the recovery and the proceedings to enforce it are primarily penal or remedial. An action to recover a statutory sum which constitutes damages for a private wrong is remedial, but a proceeding to recover a true penalty which primarily constitutes punishment, although payable in full to an injured party, irrespective of his damages, is penal. See Cyclopedia of Federal Procedure, Vol. 15, § 88.03. The words of the text writer aptly conclude as follows: "In other words, if the amount sought to be recovered is arbitrarily exacted for some act or omission of defendant, the action is essentially penal, but if the action is to recover compensation based on a loss sustained by plaintiff it is remedial."

■■ As the Court of Appeals for the Sixth Circuit said in United States v. Witherspoon, 211 F.2d 858, at page 861: " * * * the word, 'penalty,' strictly and primarily denotes punishment, imposed and enforced by the state, for an offense against its laws. It also commonly is used as including any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered." In the present case the recovery sought under the Illinois statute is connected in no wise with damages actually suffered by plaintiff. He merely seeks judgment for a 10% penalty fixed without relation to any injuries suffered by him. In view of the determination of the Supreme Court of Illinois and of the general rule abiding in the federal courts, it is clear, we think, that the demand for the penalty imposed by the Illinois statute for refusal to permit inspection was not enforcible in the district court.

In view of the elimination of the question of the propriety of the demand for a writ of mandamus, it is unnecessary to consider other points presented by the briefs. We believe that the Illinois statute cannot be extended extra-territorially as plaintiff wished to do, and that the district court was without jurisdiction to enforce the demand under the Illinois statute, for the reason that it is truly a penalty. The judgment is affirmed.