G. Robert Witmer, J.
On the morning before the show cause order herein was signed, the respondent, Superintendent of Banks, approved the merger of respondents, Security Trust Company of Bochester and the First National Bank of Greenwood. The said order by which this proceeding under article 78 of the Civil Practice Act is brought on, directs the respondent, Superintendent of Banks, to show cause why such approval of merger should not be annulled and vacated, and directs the respondent banks to show cause why they should not be restrained from proceeding under such approved merger.
This is not an action begun by service of a summons and complaint, but, as noted, is a proceeding on petition for an order under article 78 of the Civil Practice Act. Hence, the court may not grant injunctive relief herein (Matter of Bonacker v. Chuckrow, 166 Misc. 171, 173; Matter of Rivkin v. Garbros, Inc., 183 Misc. 389; Amalgamated Assn. v. Casey, 134 N. Y. S. 2d 343), and the order to show cause has no validity as against the respondent banks.
*1069 The petition in support of the order to show cause asks for an order requiring the respondents to show cause why the meeting of April 17, 1956 should not be annulled, and requiring the respondent, Superintendent of Banks, to show cause why his approval of the merger should not be vacated, and for other proper relief. Although certain meritorious jurisdictional and procedural objections to the petition have been raised, the court prefers to rest its decision herein on the merits of the pleadings.
Petitioners object to the legality of the special meeting of stockholders of the First National Bank of Greenwood held on April 17, 1956, and to the right of certain persons to vote, whose votes were cast in favor of the merger. The objection that only a 13-day notice of the meeting was given is not well taken. The State Banking Law did not apply to the meeting because it was a meeting of stockholders of a national bank. Section 214a of title 12 of the United States Code providing for 10 days’ notice of such meeting, was applicable, and there was compliance therewith. (See, also, Banking Law, § 136, subd. 3, par. [a].)
Petitioners made three principal objections to the right of stockholders to vote, as follows:
First, that 28 shares of stock were owned by three estates, and the administrators thereof had no power to vote the same without prior approval of the Surrogate having jurisdiction thereof, which they failed to obtain. That objection is overruled. Am administrator has title to personal property of the estate, and may exercise the rght to vote estate stock. (Matter of Bruder & Son, 302 N. Y. 52, 58.)
Second, that at least one stockholder who was indebted to the First National Bank of Greenwood voted, over petitioners’ objection that he was disqualified under section 61 of title 12 of the United States Code, which provides that “ no shareholder whose liability is past due and unpaid shall be allowed to vote. ’ ’ Sixty-eight years ago the word ‘ ‘ liability ’ ’ in this statute was interpreted (United States v. Barry, 36 F. 246) to mean liability for the subscription price of the shareholder’s bank stock; and it does not appear that such interpretation has since been challenged until now. It is not claimed that any stockholder voted who was indebted to the bank for the subscription price of his stock, nor that the voting of this stock alone affected the result of the election. This objection, therefore, has no validity.
Third, that petitioners challenged the right of the proxies to vote and their objections were overruled and the proxies *1070 were allowed to vote in violation of section 20 of the General Corporation Law, which provides that challenged proxies must make and file an oath before they may be permitted to vote. If this section of the law applies to a stockholders’ meeting of a National bank, the shares which were voted for the merger would be insufficient to authorize it.
Although a National bank is not a domestic corporation of this State (General Corporation Law, § 3, subd. 12), it “is subject to state law unless that law interferes with the purposes of its creation, or destroys its efficiency, or is in conflict with some paramount federal law ” (Lewis v. Fidelity Co., 292 U. S. 559, 566), and this court has jurisdiction over the acts of national banks under the laws applicable thereto. (Matter of Baldwinsville Fed. Sav. & Loan Assn., 268 App. Div. 414.) By section 61 of title 12 of the United States Code Congress has made provision for stockholders to vote for directors and upon “ all other questions ” and has provided that “ Shareholders may vote by proxies duly authorized in writing; but no officer, clerk, teller, or bookkeeper of such bank shall act as proxy; and no shareholder whose liability is past due and unpaid shall be allowed to vote.” There appears to be no provision in the Federal law similar to that in section 20 of the General Corporation Law of this State. Petitioners contend in substance that said section 20 is to be read into section 61 of title 12 or at least it is to be held to supplement the Federal law, and that it imposes burdens upon and gives rights to stockholders of National banks situated in this State which stockholders of National banks situated in other States may not have. Such contention cannot be sustained. (Lauer v. Bayside Nat. Bank, 244 App. Div. 601; People v. Coast Fed. Sav. & Loan Assn., 98 F. Supp; 311, 319.) The Lauer case involves the same principle as does the case at bar. There it was held that section 10 of the Stock Corporation Law could not be held to supplement section 62 of title 12 of the United States Code. On the authority thereof, it is held that section 20 of the General Corporation Law does not apply to meetings of stockholders of a National bank, and did not affect the right of the stockholders, or their proxies, of the First National Bank of Greenwood, to vote at the special meeting of April 17, 1956.
The other objections by petitioners are not substantial. It appears that there was no change of concern to the stockholders in the original merger agreement of March 15,1956, as amended by the one of April 12 and 13, and both were before the stockholders at their meeting of April 17.
*1071 The mere presence at the meeting oí some stockholders who had given proxies, did not revoke the proxies. (Matter of Manacher v. Central Coal Co., 205 Misc. 513, affd. 283 App. Div. 1048.)
Why the stockholders, at a meeting lawfully called and conducted, voted to accept less for their stock than petitioners offered to pay, was their business, and under the circumstances petitioners may not complain thereof. Apparently the stockholders who voted for the merger, and the owners of stock who gave proxies to have their stock voted therefor, are satisfied, for they are not complaining.
Petitioners have the remedy (U. S. Code, tit. 12, § 214a, subd. [b]) of dissenting stockholders to have their stock appraised, and so they will sustain no legal damage by reason of the vote and merger.
Until the merger became effective, said Greenwood Bank was under the jurisdiction of the United States Comptroller of the Currency, and not the respondent Superintendent of Banks. The Superintendent of Banks relied upon the certificate of the president of the First National Bank of Greenwood submitted to him pursuant to paragraph (a) of subdivision 3 of section 136 of the State Banking Law, that all lawful steps had been taken which were necessary under Federal law to consummate the merger.
Upon receipt of the letter of April 21, 1956 from petitioner Shults, respondent superintendent replied by letter of April 27, stating that he had referred Mr. Shults ’ letter to his legal division, and inviting Mr. Shults to submit any additional information that he might obtain concerning the matter. The superintendent received no further word from Mr. Shults until the institution of this proceeding after approval of the merger had been granted over two months later.
In view of the foregoing rulings of law, it is apparent that there is no allegation in the petition that the Superintendent of Banks acted unlawfully or arbitrarily or that he abused the discretion placed in him (Banking Law, § 12, subd. 3), and there is presented no triable issue of fact (Civ. Prac. Act, § 1295).
Since the petition contains no sufficient allegation of fact to support the granting of any relief to petitioners, it must be dismissed as to all respondents. Submit order accordingly.