(August 15, 2002)

■ BLUEBIRD PARTNERS, L.P., Respondent, v FIRST FIDELITY BANK, N.A., et al., Appellants. (And a Third-Party Action.) [746

This matter involves the right of plaintiff, transferee of certain indentures, to recover for losses sustained by its transferors as the result of malpractice alleged to have been committed by counsel for defendant collateral trustees. Plaintiff alleges that, prior to its acquisition of the bonds, the trustees permitted the value of the underlying collateral to decline by reason of counsel's failure to timely file a motion for adequate protection in Bankruptcy Court. It is uncontroverted that plaintiff made a substantial profit upon disposition of the subject indentures.

Based upon our decision in *IGEN, Inc. v White* (250 AD2d 463, 465-466, *lv denied* 92 NY2d 818), we dismissed this action on the ground that plaintiff sustained no actual injury that might serve as the predicate for a claim of legal malpractice (279 AD2d 239, 245). The Court of Appeals reversed, concluding that "the Legislature intended that under General Obligations Law § 13-107 transferees such as Bluebird be allowed to assert the claims that the transferor could have asserted, whether or not the transferees themselves suffered any actual injuries" (97 NY2d 456, 462). The matter is before this Court on remand to consider defendant trustees' alternate grounds for dismissal.

As a matter of state law, the trustees contend that General Obligations Law § 13-107 must be construed in accordance with section 13-101 (3) of the statute. That section is said to require conformance with the federal public policy reflected in the Trust Indenture Act (15 USC §§ 77aaa-77bbbb). It is the trustees' position that federal public policy requires any right of action to remain in the transferor and not pass with the indenture to the transferee. Irrespective of the construction accorded to the state statute, defendant trustees further contend that it is preempted by the Trust Indenture Act.

The first argument is without merit. As this Court stated in *Cox v Microsoft Corp.* (290 AD2d 206, 207), in drafting a particular statute, "the Legislature must be deemed to have chosen its language with reference to New York law, not its federal counterpart." This reasoning extends with particular force to pronouncements of policy, which must be viewed as expressions of state, not federal, public policy. Where the Legislature

has enacted a statute that provides for the passing of a right of action with an indenture, it would be obstructive for a court to construe the explicit pronouncement as anything less than the Legislature's expression of the public policy of this state. In particular, the argument that state public policy prohibits application of General Obligations Law § 13-107 to permit recovery of speculative or potentially duplicative damages has been entertained (279 AD2d, *supra* at 243-244) and rejected on appeal (97 NY2d 456). The material provision of General Obligations Law § 13-101 (3) is whether section 13-107 of the statute "is expressly forbidden by * * * a statute of the United States."

It is apparent from such statutes as the Martin Act and the Donnelly Act that the field of securities regulation has not been preempted by federal law. In addition, defendants point to no provision of the Trust Indenture Act that indicates the intent of Congress to supplant state law through its enactment. To the contrary, the Trust Indenture Act expressly states that the statute will not "affect the jurisdiction * * * of any State or political subdivision of any State, over any person or security, insofar as such jurisdiction does not conflict with any provision of this title" (15 USC § 77zzz). Such language does not lend support to defendants' arguments that state courts should defer to a purported "Congressional policy" to limit liability to "a single recovery of actual damages by investors who actually suffered losses." Rather, we conclude that it reflects an intent to limit the preclusive effect of the Trust Indenture Act to those provisions of state law in actual conflict with its terms.

Likewise, the trustees' assertion that the federal law was enacted to " 'replace the existing patchwork of state laws with a unitary scheme of federal regulation' " (quoting *Bluebird Partners, L.P. v First Fid. Bank*, 896 F Supp 152, 156, *affd* 85 F3d 970) is not supported by the language of the statute. To the extent that the general policy considerations supporting the need for regulation cited by the Federal District Court for the Southern District of New York (15 USC § 77bbb) might conflict with the intended "[e]ffect on existing law" particularly stated in 15 USC § 77zzz, the specific provision must be accorded precedence over the more general expression as a matter of statutory interpretation.

The remaining issue, therefore, is one of conflict preemption: "irrespective of any intent by Congress to exclude State regulation, 'a state statute is void to the extent that it actually conflicts with a valid federal statute' " (*People v Calandra*, 164 AD2d 638, 643, *lv denied* 77 NY2d 992 [quoting *Ray v Atlantic*

*Richfield Co.*, 435 US 151, 158; and citing *United States v New York*, 552 F Supp 255, 265, *affd and mot to vacate injunction denied* 708 F2d 92, *cert denied* 466 US 936; *Lauer v Bayside Natl. Bank*, 244 App Div 601, 603]). The provision said to conflict with state law is 15 USC § 77www (b), which states, inter alia, that "no person permitted to maintain a suit for damages under the provisions of this title shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of."

The tension between federal and state law is apparent. The federal courts have rejected plaintiff's suit under the Trust Indenture Act on the rationale that plaintiff has not sustained "actual damages," as required by 15 USC § 77www (b). The Court of Appeals has held, to the contrary, that plaintiff's damages constitute "actual damages" for the purpose of pursuing a tort claim against defendants under state law (*see, Mizrahi v Taic*, 266 AD2d 59, 60 ["actual damages are an essential aspect of a negligence claim under New York law"]).

Plaintiff maintains that the limitation on damages contained in 15 USC § 77www (b) is inapplicable to its state claim because the remedy afforded by the Trust Indenture Act is not intended to be exclusive. Specifically, the statute recites that any "rights and remedies * * * shall be in addition to any and all other rights and remedies that may exist * * * at law or in equity." (*Id.*)

The pursuit of rights and remedies conferred by the statute, as opposed to other remedies that might be available, is clearly distinguishable from the overall limitation imposed upon total damages obtainable, whether recovered under the Trust Indenture Act or any other legal or equitable basis. However, it is unnecessary to reach this argument. By virtue of the dismissal of its federal action, plaintiff is not a "person permitted to maintain a suit for damages under the provisions of [the Trust Indenture Act]." (*Id.*) Thus, plaintiff does not come within the purview of this provision and is not barred from recovering an award in excess of the limitation on damages that it contains. Concur—Williams, P.J., Ellerin, Lerner and Rubin, JJ.