$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ *Affirmed.*

---

### EX PARTE HOARD.

After the Circuit Court has denied a motion for an order remanding a cause to the State court, whence it was removed, a *mandamus* will not lie compelling it to make such order.

PETITION for a *mandamus*.

The case is stated in the opinion of the court.

*Mr. J. Holdsworth Gordon* for the petitioners.
*Mr. William J. Robertson*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Chesapeake and Ohio Railroad Company began a suit in a State court of West Virginia to appropriate lands for the use of its road. To this suit the present petitioners, with others, were parties. The company, at a certain stage of the proceedings, filed a petition under the act of March 3, 1875, c. 137, for the removal of the suit to the District Court of the United States for the District of West Virginia, having Circuit Court powers. After the petition was filed and security given

according to the requirements of the law, a copy of the record of the suit in the State court was filed in the District Court, and the case docketed there. This having been done, the present petitioners moved the District Court to remand the cause, and strike it from the docket, as to them and each of them. The motion, having been argued and considered, was denied. The petitioners now ask this court for a writ of *mandamus* requiring the District Court to grant their motion.

Before the act of 1875, it was held, in *Insurance Company* v. *Comstock* (16 Wall. 258), followed in *Railroad Company* v. *Wiswall* (23 id. 507), that if a Circuit Court refused to take jurisdiction of a suit which had been properly removed, the remedy was by *mandamus* from this court " to compel the Circuit Court to proceed to a final judgment or decree," and not by writ of error or appeal. This was on the authority of *Ex parte Bradstreet* (7 Pet. 633), in which Mr. Chief Justice Marshall delivered the opinion. No case can be found, however, in which a *mandamus* has been used to compel a court to remand a cause after it has once refused a motion to that effect. The distinction is obvious. An order remanding a cause is not a final judgment or decree, from which ordinarily an appeal or a writ of error can be taken ; and in *Ex parte Bradstreet* it was stated, as the reason for allowing the *mandamus,* " that every party has a right to the judgment of this court in a suit brought by him in one of the inferior courts of the United States, provided the value of the matter in dispute exceeds the sum or value of two thousand dollars," now, of course, five thousand. If the cause be retained, it may go to final judgment or decree, and the reason assigned for the *mandamus* in case of dismissal does not exist. If it be improperly retained and the objection presented on the record, the question may be brought here for review after final judgment, if the amount involved is sufficient to give us jurisdiction. We so held at this term in *Railroad Company* v. *Koontz*, 104 U. S. 5. It is of no importance that the value of the matter in dispute may be less than $5,000. Jurisdiction has been given to the Circuit Court to determine whether the cause is one that ought to be remanded. The act of 1875 has given an appeal or a writ of error to this court for the review of orders to remand,

without regard to the amount involved. *Babbitt* v. *Clark*, 103 id. 606. The same remedy has not been given if the cause is retained. It rests with Congress to determine whether a cause shall be reviewed or not. If no power of review is given, the judgment of the court having jurisdiction to decide is final. *Ex parte Ferry Company*, 104 id. 519. It is an elementary principle that a *mandamus* cannot be used to perform the office of an appeal or a writ of error. *Ex parte Loring*, 94 id. 418.

Without determining, therefore, whether the case was properly removed or not, the writ is

*Denied.*