# EX PARTE: MATTER OF GRUETTER, PETITIONER.

## MANDAMUS.

No. 9, Original. Submitted April 11, 1910.—Decided May 31, 1910.

Where the Circuit Court has jurisdiction to determine questions presented on a motion to remand a case to the state court and denies the motion mandamus will not lie to compel it to remand the case. *In re Pollitz*, 206 U. S. 323.

In this case diverse citizenship existed but plaintiff moved to remand because the suit was not of a civil nature but for a penalty, because the record did not show that plaintiff or defendant resided in the District to which removal was sought, and because defendant did not specifically pray for removal of cause; *held* that the Circuit Court had jurisdiction to determine whether the case was removable and that mandamus would not lie to compel the Circuit Judge to remand the cause.

THE facts are stated in the opinion.

*Mr. Arthur Crownover, Mr. Isaac W. Crabtree* and *Mr. William L. Myers* for petitioner.

*Mr. William L. Granbery* for respondent.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Gruetter brought an action in the Circuit Court of Franklin County, Tennessee, against the Cumberland Telephone and Telegraph Company to recover $20,000 for violation of § 2 of chap. 66 of the Acts of 1885, which is § 1842 of Shannon's Code of Tennessee, for the unjust discrimination by defendant against plaintiff set up in the declaration. The section is as follows:

"Every telephone company doing business within this

State, and engaged in a general telephone business, shall supply all applicants for telephone connection and facilities, without discrimination or partiality, provided such applicants comply, or offer to comply, with the reasonable regulation of the company; and no such company shall impose any condition or restriction upon any such applicant that are not imposed impartially upon all persons or companies in like situations, nor shall such company discriminate against any individual or company in lawful business by requiring, as condition for furnishing such facilities, that they shall not be used in the business of the applicant or otherwise, under penalty of $100.00 for each day such company continues such discrimination and refuses such facilities after compliance or offer to comply with the reasonable regulations, a time to furnish the same has elapsed, to be recovered by the applicant whose application is so neglected or refused."

Defendant filed a petition to remove the case to the Circuit Court of the United States for the Middle Division of the Middle District of Tennessee, to which plaintiff demurred on the ground that it was an action to recover a penalty, and therefore was not removable. The demurrer was heard by the Circuit Judge of Franklin County, who sustained it, dismissed the petition, and refused to remove the case. Defendant obtained a certified copy of the record and filed the same in the Circuit Court of the United States for the Sixth Circuit, and plaintiff moved to remand the case because it was a suit to recover a penalty and the action was not of a civil nature; because the petition and record did not show that the suit was sought to be removed to the Circuit Court of the United States for the district in which either the plaintiff or the defendant resided; and because the defendant did not specifically pray for the removal of the cause.

The Circuit Court upon hearing filed a memorandum opinion considering and overruling all of the grounds

presented to sustain the motion and denied the motion to remand, whereupon Gruetter filed a petition for writ of mandamus directing the District Judge of the United States for the Middle Division of the Middle District of Tennessee, holding the Circuit Court for that division, to remand the suit to the Circuit Court of Franklin County, State of Tennessee. Leave to file this petition was granted and a rule to show cause was thereon entered, to which the judge filed his return, stating that the motion of plaintiff to remand was denied for the reason that in respondent's opinion the several grounds of the petitioner's motion were not well founded in law, and that under the facts and pleadings presented by the record the Circuit Court of the United States for the Middle District of Tennessee, sitting at Nashville, had jurisdiction of said cause.

There was no controversy as to there being diversity of citizenship. The defendant was a corporation of Kentucky and plaintiff was a citizen of Tennessee. Inasmuch as we are of opinion that the Circuit Court of the United States had jurisdiction to determine the questions presented, we hold that mandamus will not lie. The final order of the Circuit Court cannot be reviewed on this writ. *In re Pollitz*, 206 U. S. 323.

*Rule discharged and petition dismissed.*