## DOMINGO GIMÉNEZ SENTIÉS

*v.*

## EULALIO ROSALY Y VÁZQUEZ ET AL.

---

San Juan, Law, No. 1273.

RE REMOVAL OF CAUSE.

Removal of Cause—Power of Upper Court.

 1. A circuit court of appeals or the Supreme Court has no power to revise the opinion of a district court in the matter of removal of a cause. It only has power to correct an abuse of discretion, as in other cases.

Removal of Cause—Separable Controversy.

 2. It is allowable to remove a separable cause of controversy amounting to $3,000.

Opinion filed August 20, 1920.

---

*Mr. Zayas Pizarro* for motion.

*Mr. J. A. Povenlud* for defendants.

'Sentiés v. Rosaly y Vázquez.

HAMILTON, Judge, delivered the following opinion:

This case has come up before upon motion to remand, which was denied, but without prejudice to future application. Now after an adverse ruling of the court on other issues, a defendant renews his motion to remand the cause. The first ruling being without prejudice, application may be renewed without being subject to the objection that it should be made before pleading.

1. It is contended in opposition to the motion to remand, that the principle has been settled by the Supreme Court in the case of Re Capo, 231 U. S. 739, 58 L. ed. 461, 34 Sup. Ct. Rep. 317. That case, however, does not go so far. But what is there decided is to resolve the apparent conflict between decisions of the Supreme Court upon the subject of whether a mandamus issue to a circuit, now a district, to revise its refusal to remand a case. In Ex parte Hoard, 105 U. S. 578, 26 L. ed. 1176, it was decided that jurisdiction is given to the lower court to determine whether there is a case which should be remanded and that there was no precedent for a mandamus to the court to change its refusal to remand. This was followed by Re Pollitz, 206 U. S. 323, 51 L. ed. 1081, 27 Sup. Ct. Rep. 729, and other cases. On the other hand, in Virginia v. Rives, 100 U. S. 313, 25 L. ed. 667, 3 Am. Crim. Rep. 524, a circuit court had removed a case under circumstances clearly showing an abuse of its powers, and the Supreme Court corrected this by a mandamus remanding the case to the state court. The decision in Re Capo refers to Ex parte Harding, 219 U. S. 363, 55 L. ed. 252, 37 L.R.A. (N.S.) 392, 31 Sup. Ct. Rep. 324, which reconciles the two lines of decision by pointing out the distinction being one of discretion or abuse of discretion.

XII. Porto Rico.—7.

Sentiés v. Rosaly y Vázquez.

The Capo Case seems to have been analogous to the one now at bar, that is to say, Judge Charlton of this court held that the requirement of nonresidence did not apply to a removing defendant in Porto Rico inasmuch as this court has original jurisdiction under the Foraker Act, as amended, over separable controversies. The Capo Case therefore decides not that this court has such jurisdiction, but that it is not an abuse of discretion to hold that it has such jurisdiction.

2. Upon the merits of the question itself, however, it does not seem necessary to enter. The point was decided adversely to remandment by this court in the Capo Case. The reason may well be that conditions in Porto Rico are different from the States, there being a large and influential number of Spaniards and other foreigners, and it may well have been the intention of Congress to allow a Porto Rican, that is to say, now an American, to try in the Federal court a case which he could have brought originally in the Federal court. In the jurisdiction given this court in § 41 of the Jones Act there is mentioned a separable controversy of a matter of $3,000 value, and it may have been the intention of Congress to cover removal cases, inasmuch as the question of separable controversy cannot well arise except in removal cases. At all events the question would seem to be res judicata in this court under the Capo Case decided May 25, 1912, but apparently not reported in the Porto Rico Federal Reports.

The motion to remand therefore is denied.

It is so ordered.