(No. 14710.—Reversed and remanded.)
Charles W. Babcock, Defendant in Error, *vs.* Robert E. Harrsch *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923.*

1. Corporations—*section 38 of Corporation act, providing for inspection of books, is valid.* Section 38 of the general Corporation act, giving stockholders the right to inspect the books of the corporation and providing a penalty against any officer denying the right, does not violate any provision of section 2 of article 2 of the constitution, is a proper exercise of the police power of the State, and does not deprive the corporation of any vested rights or impair the obligation of any contract.

2. Same—*stockholder may make memoranda when inspecting books of corporation.* The business of a corporation is not the business of its officers exclusively but is the business of the stockholders, and in exercising the right to inspect the books of the corporation under section 38 of the general Corporation act, a stockholder may make abstracts, memoranda or copies from such books and papers as he desires.

3. Same—*debt is proper action for penalty under section 38 of Corporation act—waiver.* Debt, and not assumpsit, is the proper form of action against officers of a corporation who refuse to allow a stockholder to examine the corporate books under section 38 of the general Corporation act, and there should be a special count making all necessary allegations; but where the defendants are apprised of the nature of the action by the filing of an affidavit of claim, to which they reply by affidavits of defense, any objection to the form of the action is waived when made for the first time in the Supreme Court without any proper assignment of error.

4. Same—*plaintiff must prove value of his stock in action for penalty under section 38 of Corporation act.* In an action under section 38 of the general Corporation act to recover a penalty against officers who refused to allow a stockholder to inspect the corporate books, there is no presumption that the stock is of par value but the burden is on the plaintiff to establish the value of his stock.

5. STATUTES—*when a statute is penal.* A statute which subjects one person to the payment of a sum of money to another, without reference to any actual injury and without requiring him to allege or prove actual injury, is a penal statute.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

EDWARD J. KELLEY, for plaintiffs in error.

RATHJE, LAWLOR & CONNOR, (EDWIN D. LAWLOR, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an action in assumpsit for $2500 by Charles W. Babcock, defendant in error, against Robert E. Harrsch and William G. Harrsch, plaintiffs in error, brought in the superior court of Cook county to recover a penalty under section 38 of the general Corporation act for the alleged refusal of plaintiffs in error to permit defendant in error, a stockholder in the Highways Motor Company, to make an inspection of the records and books of that corporation. The declaration consists of the common counts, simply, for goods, wares and merchandise delivered, for money lent and advanced and for money had and received to and for the use of the defendant in error, for money due for interest and forbearance, for labor, service and material, and to balance due on account stated. The affidavit of claim sworn to is, in substance, that the demand is for ten per cent of the value of defendant in error's stock holdings in the Highways Motor Company, an Illinois corporation, he being the holder of 2500 shares of the capital stock of the company of the par value of $10 per share, and that plaintiffs in error had failed and refused to permit the defendant in error to inspect the books of the company, as provided by the statute, as a result of which defendant in error became entitled to receive from the plaintiffs in error

the sum of $2500 in accordance with the statute, after allowing all just credits, deductions and set-offs. The plea was the general issue, only, by both plaintiffs in error, followed by an affidavit of merits to the effect that the plaintiffs in error, and each of them, had a good defense on the merits to the whole of the demand, followed by a denial that they, or either of them, at any time denied defendant in error access to or right to examine the records and books of account of the company, etc. A trial was had before a jury, which returned a verdict in favor of the defendant in error for $2000. Motion for a new trial was overruled, in which was raised for the first time the constitutionality of section 38 of the general Corporation act. A motion in arrest of judgment in the general form was made and overruled and judgment was rendered on the verdict for said sum. This writ of error is prosecuted to review the judgment.

The Highways Motor Company was incorporated under the laws of this State with a capital stock of $100,000. The defendant in error owned one-fourth of the capital stock of the company, or 2500 shares, of the par value of $10 each. The remainder of the stock was owned by Robert E. Harrsch, vice-president and general manager, William G. Harrsch, secretary and treasurer, and William C. Furst. Defendant in error had been president of the company but was ousted as president and the management of the company was undertaken by the plaintiffs in error. This action of ouster provoked a controversy between the parties, and defendant in error employed an attorney and authorized him to make an inspection of the company's books. The attorney went to the offices of the company and requested to be allowed to examine the books of the company and make such memoranda and copies therefrom as he desired. This request was made to the man in charge of the records, who was one of the plaintiffs in error. The plaintiffs in error both refused the attorney the right to

make any memoranda or copies from the records but he was informed that he could examine the books provided he made no copies or memoranda. The attorney proceeded to examine the books and to make memoranda therefrom but was forced to quit because he was making such memoranda.

The foregoing facts are not disputed and the main controversy before the jury was as to the value of defendant in error's stock. The jury found the value of defendant in error's stock to be eight dollars per share and assessed the penalty aforesaid against them.

The first contention of plaintiffs in error is that section 38 aforesaid is unconstitutional and void because in conflict with section 2 of article 2 of the constitution of Illinois, that no person shall be deprived of life, liberty or property without due process of law. Section 38 is in the following language: "Each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten per centum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction."

The right of a stockholder to inspect and examine the books and papers of a corporation was recognized at common law and existed in the absence of any statutory provision on the subject. This subject of inspection of corporate books is one with which the legislature may deal, and numerous statutes upon the subject have been enacted in the various States. While varying somewhat in phraseology, such statutes are in harmony with regard to their purpose, and are generally held either to have confirmed or to have enlarged the common law right. Under the above section of the statute stockholders are given the broad right to examine the books, records and papers of a corporation

at reasonable and proper times.   The object of the stat-
ute is to guarantee to every stockholder, regardless of the
amount of his interest, the right to examine into the trans-
actions of his trustees and to protect his interests.   The
enactment of such statutes has been held by this court to be
a proper exercise of the police power of the State and does
not deprive the corporation of any vested rights or impair
the obligation of any contract.   (*Venner* v. *Chicago City
Railway Co.* 246 Ill. 170.)   Section 38 does not violate
any provision of section 2 of article 2 of the constitution.
It has been held both under the rule at common law and
under the statutes on this subject, that the right of the
stockholder to inspect and examine the books and papers of
a corporation permits him to make abstracts, memoranda
or copies thereof.   The right rests, as does the similar right
to an examination, upon the broad ground that the business
of the corporation is not the business of the officers exclu-
sively but is the business of the stockholders.   To deny a
stockholder the right to make memoranda and copies from
the records virtually amounts to a denial of the right to in-
spect and examine the books and papers of the corporation.
*Withington* v. *Bradley,* 111 Me. 384; *Powelson* v. *Tennes-
see Eastern Electric Co.* 220 Mass. 380; *Cincinnati Volks-
blatt Co.* v. *Hoffmeister,* 62 Ohio St. 189.

We agree with the contention of plaintiffs in error that
the action of debt is a proper form of action for the re-
covery of a penalty, and that there should have been a spe-
cial count making all the specific allegations necessary to a
recovery under the statute.   (*Mount* v. *Hunter,* 58 Ill. 246;
*Chapman* v. *Wright,* 20 id. 120.)   We also agree that the
statute is a penal statute under the holding in *Brown* v. *Kil-
dea,* 58 Wash. 184, that a statute which subjects one person
to the payment of a sum of money to another without ref-
erence to any actual injury and without requiring him to
allege or prove an actual injury is a penal statute, and in
which holding we concur.   But the contention of plaintiffs

310—27

in error cannot be availed of on this record. They were fully apprised of the entire nature of the action of the defendant in error by the affidavit of claim filed, to which there was an apt reply by their affidavits of defense. The issues were really made and tried on those two affidavits, and plaintiffs in error had as complete notice of the claim of defendant in error, and as complete a defense thereto, as if the declaration had been in the form of debt, with all necessary averments, replied to by a proper plea. There was at no time during the trial a claim of a variance in the proof and the declaration or any objection whatever to the form or character of the declaration. It is true there was a motion in arrest of judgment and a motion for a new trial, but neither motion specifically raised any point against the declaration. There is no error assigned on this record to the effect that the court erred in overruling the motion in arrest of judgment. The contention against the declaration and its form is therefore entirely waived, as it was raised for the first time in this court in the briefs and without any proper assignment of error. *Hausler* v. *Commonwealth Electric Co.* 240 Ill. 201.

The judgment of the superior court will have to be reversed on the last contention made, that the court erred in instructing the jury that under the law the value of a certificate of stock is presumed to be the par value stated therein, and that the burden is upon the defendant to rebut such presumption by showing that the stock was of a value different from its par. There was testimony upon the part of plaintiffs in error, in substance, that the stock was worthless. There was also testimony on the part of the defendant in error that the stock was of some value, based upon a financial statement made by the corporation in a report to the government, which testimony, standing alone, might be sufficient to sustain the judgment. The burden of proof was on defendant in error to establish the value of the stock, but the instruction erroneously shifted this burden to the

plaintiffs in error. It was held, and we think correctly, in the case of *Stensgaard* v. *St. Paul Real Estate Title Ins. Co.* 17 L. R. A. (Minn.) 575, that there is no presumption that the stock of a corporation is worth its par or face value. It is in that case said: "The certificate of stock is not an obligation to pay money, which is presumed to be worth its face because every one is presumed to be solvent,—that is, to have sufficient property to pay all his debts. It is only evidence that the holder has an interest in the corporation and its franchises and property in the proportion that the stock held by him bears to the whole amount of stock, but it is no evidence of the financial standing of the corporation or of the value of its franchises and property." In trover for conversion, a bond, check, note and the like have *prima facie* their face value, because they are obligations to pay money, but if it is shown that such an instrument is of less value, its actual value will be the true measure of recovery. Therefore the cases cited by the defendant in error, *Hayes* v. *Massachusetts Life Ins. Co.* 125 Ill. 626, and *American Express Co.* v. *Parsons,* 44 id. 312, are not in point.

The judgment of the superior court, for the reason aforesaid, is reversed and the cause is remanded.

*Reversed and remanded.*