### CITY OF OWATONNA v. INTERSTATE POWER CO. et al.
### No. 379.

Circuit Court of Appeals, Eighth Circuit.
Oct. 16, 1933.

Harlan E. Leach, of Owatonna, Minn. (Leach & Leach, of Owatonna, Minn., on the brief), for petitioner.

Abbott W. Sawyer, of Winona, Minn., and Francis W. Sawyer, of Owatonna, Minn. (Brown, Somsen & Sawyer, of Winona, Minn., and Sawyer & Lord, of Owatonna, Minn., on the brief), for respondent Interstate Power Co.

Before SANBORN and BOOTH, Circuit Judges, and BELL, District Judge.

SANBORN, Circuit Judge.

This matter was heard upon an order of this court directing the respondents to show cause why an application for a writ of certiorari filed by the petitioner should not be granted. The petitioner, a citizen of the state of Minnesota, had brought suit against the Interstate Power Company of Delaware and the Donovan Construction Company of Minnesota in the state district court of Minnesota. The petitioner's complaint asserted two causes of action, one upon a contract, and the other for a tort. The Interstate Power Company removed the case to the United States District Court for the District of Minnesota on the grounds of diversity of citizenship and the existence of a separable controversy between it and the petitioner. The petitioner then made a motion to remand, which was denied. Thereupon the petitioner filed its application with this court for a writ of certiorari to secure a review of the order of the lower court denying its motion.

The petitioner's theory is that this court has the power to review the action of the lower court, in retaining jurisdiction of the case, upon certiorari, for the reason that petitioner's remedy by appeal is inadequate, since it can appeal only after trial and judgment.

[1] The power of this court to issue extraordinary writs is based upon an act of Congress which provides: " * * * The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Section 262, Judicial Code, 28 U. S. C. § 377 (28 USCA § 377).

It is clear that the rules governing the issuance of extraordinary writs are to be determined from the language of this statute and from the decisions of the federal courts, and that the decisions of state courts are not in any way controlling. See Degge v. Hitchcock, 229 U. S. 162, 170, 33 S. Ct. 639, 57 L. Ed. 1135.

Prior to the decision by the Supreme Court of the United States in Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, it was at least doubtful whether an order denying a remand of a civil case might not be reviewed otherwise than by appeal. There was at that time a line of cases holding that such an order was not reviewable by extraordinary process: namely, Ex parte Hoard, 105 U. S. 578, 26 L. Ed. 1176; In re James Pollitz, 206 U. S. 323, 27 S. Ct. 729, 51 L. Ed. 1081; Ex parte State of Nebraska, 209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876; Ex parte Matter of Gruetter, 217 U. S. 586, 30 S. Ct. 690, 54 L. Ed. 892. On the other hand, the cases of Ex parte Wisner, 203 U. S. 449, 27 S. Ct. 150, 51 L. Ed. 264; In re Albert N. Moore, 209 U. S. 490, 28 S. Ct. 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and In re Winn, 213 U. S. 458, 29 S. Ct. 515, 53 L. Ed. 873, indicated that such process might be used for the review of such an order.

In Ex parte Harding, supra, Chief Justice White discussed the entire subject, referred to the two lines of cases, approved the rule enunciated in the line of cases commencing with Ex parte Hoard, supra, and disapproved and qualified the decisions which were in apparent conflict with the rule established by those cases. In Ex parte Harding the same contentions were made by the petitioner as are made here; namely, that even the certainty of ultimate remand after a tedious and expensive hearing does not constitute an adequate remedy. The Supreme Court, however, denied the petitioner's application for leave to file a petition for mandamus. Ex parte Roe, 234 U. S. 70, 34 S. Ct. 722, 58 L. Ed. 1217; and Ex parte Park Square Automobile Station, 244 U. S. 412, 37 S. Ct. 732, 61 L. Ed. 1231, follow the rule laid down in the case of Ex parte Harding. In Ex parte Park Square Automobile Station, the court said (pages 414 and 415 of 244 U. S., 37 S. Ct. 732, 733) : "It is insisted that this case is such an exceptional one * * * because of the grave wrong which would result from forcing the petitioner to try its case in the state of New York, at great inconvenience and expense, as a preliminary to securing a review of the question of jurisdiction,—an expense and inconvenience which would be saved if, by review, now, by means of a writ of mandamus, the removal statutes be given their natural meaning, and thus the wrong and confusion arising from their misconstruction would be avoided."

In conclusion, on page 416 of 244 U. S., 37 S. Ct. 732, 734, the court used this language:

"Indeed, when the situation dealt with in Ex parte Harding is taken into view, it becomes apparent that the confusion and conflict which had imperceptibly arisen from obscuring the lines dividing the statutory methods for review of questions of jurisdiction, and the effort to review them by the writ of mandamus, which was corrected by the decision in that case, would be recreated by now permitting a resort to the writ of mandamus in this case. And this also makes clear that, however grave may be the inconvenience arising in this particular case from the construction which the court gave to the statute, and upon which it based its assertion of jurisdiction, greater inconvenience in many other cases would necessarily come from now departing from the established rule and reviewing the action of the court by resort to a writ of mandamus instead of leaving the correction of the error to the orderly methods of review established by law." See, also, United States ex rel. Butterworth & Lowe v. Sessions (C. C. A. 6) 205 F. 502, 504.

While in the cases to which we have referred the petitioners sought to review the order denying remand through an application for a writ of mandamus, and the petitioner in this case seeks a review by means of a writ of certiorari, there can be no distinction in principle between the cases, and the rule that an order refusing to remand a civil case is not subject to review by extraordinary process has been firmly established by the cases which we have cited.

Let the order to show cause be discharged and the application for certiorari be denied.