. (No. 37761.—

HAROLD J. McCORMICK, Appellee and Cross Appellant, *vs.* STATLER HOTELS DELAWARE CORPORATION *et al.,* Appellants and Cross Appellees.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

WHITE, SHAHEEN and LUNDBERG, of Chicago, (ROGER Q. WHITE and JOHN M. KAVENY, of counsel,) for appellee.

FRIEDMAN, KOVEN, SALZMAN, KOENIGSBERG, SPECKS & HOMER, of Chicago, (JOHN W. DAY and STANLEY R. ZAX, of counsel,) for appellants.

Mr. JUSTICE DAILY delivered the opinion of the court:

This was a petition for writ of *mandamus* filed in the circuit court of Cook County by Harold J. McCormick, a shareholder, to compel Statler Hotels Delaware Corporation and its secretary, William J. Friedman, to permit plaintiff to examine the corporation's list of shareholders. In addition, the complaint sought recovery of the penalty provided in section 45 of the Illinois Business Corporation Act, (Ill. Rev. Stat. 1959, chap. 32, par. 157.45,) for defendants' allegedly wrongful refusal to allow plaintiff to examine the list. Undisputed facts established by the pleadings showed that the corporation, organized under the laws of Delaware, had been registered and licensed to do business in Illinois as a foreign corporation, that it had maintained a registered office and agent in Illinois, and that it had a stock transfer agent in Illinois which, as required by section 45, kept a list of the corporation's stockholders. After a hearing, the trial court found the issues in favor of plaintiff and awarded him a penalty of $2,000 for which it found defendants liable. Defendants have prosecuted this direct appeal and plaintiff has cross-appealed, the latter contending that the court failed to assess the full statutory penalty. Our first con-

sideration is whether there are grounds which require or permit us to entertain jurisdiction on direct appeal.

Defendants have brought the appeal here on the theory that constitutional questions are involved and as a basis therefore contend: First, that the imposition of a penalty violated due process of law because they "did not know or have reason to know" that the penalty provision would be enforced against them; and second that the enforcement of the penalty against them is in violation of the full-faith-and-credit clause under the circumstance that the laws of Delaware, while providing that a list of stockholders shall be open to the examination of every stockholder, make no provisions for a penalty in the event of refusal. Restating the last contention, its essence is that the law of Delaware applied here to control the rights and obligations between the parties. It is axiomatic, however, that this court will not assume jurisdiction of a direct appeal unless the constitutional question is fairly debatable, (*Betts* v. *Village of Calumet Park*, 20 Ill.2d 524; *Moore* v. *County Board of School Trustees*, 10 Ill.2d 320,) and we regard it as well settled that neither due process nor the commands of the full-faith-and-credit clause were violated under the circumstances of this case.

It is uncontrovertible that the legislature may prescribe reasonable conditions on which foreign corporations, other than those engaged in interstate commerce or constituting instrumentalities of the Federal government, may do business in this State, (*Union Central Life Ins. Co.* v. *Lowe*, 349 Ill. 464; *State of Illinois* v. *Illinois Central Railroad Co.* 246 Ill. 188; *Ryerson & Son* v. *Shaw*, 277 Ill. 524,) and it has been repeatedly held that the qualification of a foreign corporation in accordance with the statutes permitting its entry into a State constitutes an assent on its part to all reasonable conditions imposed. (*Cincinnati, Indianapolis and Western Railroad Co.* v. *Barrett*, 406 Ill. 499; *Holz* v. *Smullan*, (7th cir.) 277 F.2d 58; *State of Washing-*

*ton ex rel. Bond & Goodwin & Tucker, Inc.,* v. *Superior Court of Washington,* 289 U.S. 361, 77 L. ed. 1256.) By section 103 of our Business Corporation Act, (Ill. Rev. Stat. 1959, chap. 32, par. 157.103,) it is expressly provided: "A foreign corporation * * * shall * * * enjoy the same, but no greater, rights and privileges as a domestic corporation * * * and * * * shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation of like character." Further, in section 45 it is provided that "each corporation" shall keep a record of its shareholders at its registered office, or at the office of its transfer agent in this State, and that "Any officer, or agent, or a corporation" which shall refuse to allow a shareholder to examine its records for a proper purpose shall be subject to a specified penalty. (Ill. Rev. Stat. 1959, chap. 32, par. 157.45.) The defendants, thus, are presumed to have known and assented to these conditions imposed upon the right to do business in Illinois and are likewise presumed to have known of the holdings of this court that the penalty provision of section 45 is a proper exercise of the police power which neither violates due process nor the obligation of contract, (*Babcock* v. *Harrsch,* 310 Ill. 413,) and that the section has application to foreign corporations licensed to do business in this State, as well as domestic corporations. (*People ex rel. Hollingshand* v. *American Discount Co.,* 332 Ill. 18; *Wise* v. *Byllesby & Co.,* 285 Ill. App. 40.) This being so, the present claim of a denial of due process, based upon a supposed lack of knowledge of the scope and effect of the Illinois law to which they assented, is ineffective to raise a debatable constitutional question.

Nor, when the Delaware statute is read, can it be said there is a debatable question as to whether full faith and credit requires that it be given extraterritorial effect in the matter here involved. In pertinent part, section 220 of the Delaware General Corporation Act provides: "The original

and a duplicate stock ledger containing the names and addresses of the stockholders, and the number of shares held by them, respectively, shall at all times, during the usual hours for business, be open to the examination of every stockholder at its principal place of business *in this State,* and said original or duplicate stock ledger shall be evidence in all courts of this State." (Emphasis ours.) By its express terms the section purports only to regulate the conduct of business in its own State, and clearly was not intended to follow the corporation into other States wherein Delaware corporations might be licensed to do business. (*Cf. Warren v. First Nat. Bank of Columbus,* 149 Ill. 9; *Washington-Alaska Bank v. Dexter Horton National Bank of Seattle,* (9th cir.) 263 F. 304; *E. C. Warner Co. v. W. B. Foshay Co.* (8th cir.), 57 F.2d 656.) Moreover, legislation is presumptively territorial only and confined to the limits over which the law-making power has jurisdiction. *Roth v. Roth,* 104 Ill. 35; *Butler v. Wittland,* 18 Ill. App. 2d 578; *Sandberg v. McDonald,* 248 U.S. 185, 63 L. ed. 200.

We conclude that defendants have raised no debatable constitutional issue on this appeal. Accordingly, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*