Fred P. TASNER and Harry Fox, Plaintiffs,

v.

U. S. INDUSTRIES, INC. and I. John Billera, Defendants.

No. 74 C 451.

United States District Court, N. D. Illinois, E. D.

May 29, 1974.

Abner J. Mikva, Selwyn Zun and R. W. Gettleman, D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., for plaintiffs.

Henry M. Thullen, Stanley B. Block, John J. Cassidy, Jr., and Allan E. Lapidus, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiffs' motion for an order remanding this cause to the Circuit Court of Cook County, Illinois, on the ground that the cause was improperly removed therefrom in that this cause is not within the original jurisdiction of this Court.

On February 7, 1974 an action was commenced in the Circuit Court of Cook County, Illinois, Law Division entitled Fred P. Tasner and Harry Fox v. U. S. Industries, Inc. and I. John Billera, case no. 74 L 2124. The plaintiffs who have allegedly been U. S. Industries, Inc. ("U. S.I.") stockholders for more than six months, brought the state court action for a writ of mandamus to enforce their rights under Section 45 of the Illinois Business Corporation Act, Ch. 32 Ill. Rev.Stat. § 157.45, to inspect U.S.I.'s shareholder list and books, records of ac-

count and minutes and to make extracts therefrom and copies thereof. Due demand has allegedly been made on defendants and defendants have allegedly refused to permit such inspection and copying. Plaintiffs further sought the penalty of 10% of the value of their U.S.I. stock for which defendants have, pursuant to Section 45 of the Illinois Business Corporation Act, allegedly become liable because of their alleged unreasonable and unlawful refusal to permit appropriate inspection of U.S.I.'s list of shareholders, books, records of accounts and minutes.

On February 14, 1974 the defendants petitioned for removal of the state court action to this Court because the action was allegedly one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 (diversity of citizenship) and is one which may be removed to this Court under the provisions of 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and is between citizens of different states.

Plaintiff Tasner is a citizen of the state of Illinois and a resident of Lake County. Plaintiff Tasner is and at all times since July, 1969, has allegedly been the legal and equitable owner, and the holder of record, of 34,100 shares of Special Preference Stock (Series L) of defendant U.S.I. The shares of Special Preference Stock (Series L) owned by plaintiff Tasner have at all times relevant been convertible into a total of 108,779 shares of the common stock of defendant U.S.I. and have at all such times allegedly had a total value of not less than $815,000. Plaintiff Fox is a citizen of the state of Illinois and a resident of Cook County. Plaintiff Fox is and at all times since April, 1969 allegedly has been the legal and equitable owner of not less than 59,850 shares of the common stock of defendant U.S.I., which shares of stock have at all times relevant allegedly had a value of not less than $448,000.

Defendant U.S.I. is a corporation organized and existing under the laws of the state of Delaware, having its chief executive offices in New York, New York. Defendant U.S.I. is a diversified company with major operations in Cook County and elsewhere in the state of Illinois, and is duly licensed and qualified to do business in the state of Illinois. Defendant Billera is and has been since 1964 an officer and member of the Board of Directors of defendant U.S.I. At all times relevant herein, defendant Billera has been Chairman of Board of Directors, Chief Executive Officer and President of defendant U.S.I. and has at all such times dominated the management, business and affairs of defendant U.S.I. At all such times access to and inspection and copying of the shareholder list, books, records and minutes of defendant U.S.I. has been subject to the control and direction of defendant Billera. Defendant Billera has allegedly solicited and accepted election as an officer and director of defendant U.S.I. at times when, and with knowledge that, defendant U.S.I. was licensed and qualified to do business in the state of Illinois, and has intentionally refused to accord plaintiff U.S.I. shareholders the rights provided them by Section 45 of the Illinois Business Corporation Act.

The plaintiffs in support of their motion to remand contend that:

1. This Federal District Court lacks jurisdiction to enforce the penalty which is provided for under Section 45 of the Illinois Business Corporation Act.

2. Plaintiffs' complaint for mandamus is not within the original jurisdiction of a Federal District Court.

The defendants in opposition to the instant motion contend that:

1. Since plaintiffs could have brought an original action in this Court seeking a mandatory injunction ordering defendants to permit inspection and copying of U.S.I.'s books and records (exactly the re-

lief that plaintiffs seek), the fact that this relief is formally styled a "peremptory writ of mandamus" in the state but not the federal courts cannot defeat removal.

2. Even though the relief sought of 10% of the value of plaintiffs' stock is a "penalty" in the sense of not compensating for actual damages, this is not a criminal or quasi-criminal action where penalties recovered would be paid into the state treasury and thus it is a "civil action" and can be removed under 28 U.S.C. § 1441.

3. Even if the Court somehow had no jurisdiction over plaintiffs' demand for the 10% "penalty", it clearly has jurisdiction over the single cause of action alleged in the complaint and it must, therefore, retain jurisdiction to consider the other relief which it can give (i. e., injunctive relief) if plaintiffs prevail on the merits.

4. Even if the Court had no jurisdiction over the penalty claim and even if the demands for inspection and penalty were separate causes of action, the Court should adjudicate the penalty claims under 28 U.S.C. § 1441(c) because efficiency dictates that both interrelated claims be resolved in a single forum.

It is the opinion of this Court, given the present posture of the law, that the instant action should be remanded to the Illinois state court in order that the Illinois state court may properly apply Section 45 of the Illinois Business Corporations Act and its penalty provision consistent with the exercise of its police power over corporations doing business in that state.

I. SECTION 45 OF THE ILLINOIS BUSINESS CORPORATION ACT APPEARS TO BE APPLICABLE TO THE INSTANT DEFENDANT CORPORATION

The threshhold question crucial to the proper disposition of this motion to re-mand is whether sction 45 and its penalty is applicable to the defendant foreign corporation doing business in Illinois.

The Illinois Supreme Court has clearly held that section 45 of the Illinois Business Corporation Act can be applied to foreign corporations doing business in Illinois. McCormick v. Statler Hotels Delaware Corporation, 30 Ill.2d 86, 195 N.E.2d 172 (1963). It is uncontrovertible that the Illinois legislature may prescribe reasonable conditions under which foreign corporations, other than those engaged in interstate commerce or constituting instrumentalities of the Federal government, may do business in this state and it has been repeatedly held that the qualification of a foreign corporation in accordance with the statutes permitting its entry into a state constitutes an assent on its part to all reasonable conditions imposed. State of Washington ex rel. Bond & Goodwin & Trucker, Inc. v. Superior Court of Washington, 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed. 1256 (1933); Holz v. Smullan, 277 F.2d 58 (7th Cir., 1960); Cincinnati Indianapolis and Western Railroad Co. v. Barrett, 406 Ill. 499, 94 N.E.2d 294 (1950); Union Central Life Insurance Co. v. Lowe, 349 Ill. 464, 182 N.E. 611 (1932); State of Illinois v. Illinois Central Railroad Co., 246 Ill. 188, 92 N.E. 814 (1910).

Section 103 of the Illinois Business Corporation Act, Ch. 32 Ill.Rev.Stat. § 157.103, expressly provides that a foreign corporation shall enjoy the same, but not greater rights and privileges as a domestic corporation and shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a domestic corporation of like character. Further, section 45 of the Illinois Business Corporation Act provides that "each corporation" shall keep a record of its shareholders at its registered office or at the office of its transfer agent in Illinois and that any officer, agent or corporation which shall refuse to allow a shareholder to examine

its records for a proper purpose shall be subject to a specified penalty.[1]

A foreign corporation is presumed to have known and assented to these conditions imposed upon its right to do business in Illinois and is likewise presumed to have known of the holdings of the Illinois Supreme Court that the penalty provision of section 45 is a proper exercise of the state's police power which neither violates due process nor the obligations of contracts and that the section has application to foreign corporations licensed to do business in Illinois, as well as domestic corporations. See People ex rel. Hollingshand v. American Discount Co., 322 Ill. 18, 163 N.E. 479 (1928); Babcock v. Harrsch, 310 Ill. 413, 141 N.E. 701 (1923). See also Wise v. Byllesby & Co., 285 Ill.App. 40, 1 N.E.2d 536 (1936). Such an application of section 45 to foreign corporations does not present a claim of denial of due process, based upon a supposed lack of knowledge of the scope and effect of the Illinois law to which it assented. See McCormick v. Statler Hotels Delaware Corporation, *supra.*

The defendants have failed to clearly present any factual or legal reasons why section 45 should not be applied to the instant defendants. Thus section 45 ap-pears to be applicable to the instant defendants. Further, given the instant ruling, the Illinois state courts can more appropriately determine within the dictates of local policy governing the exercise of Illinois police power over foreign corporations whether section 45 is applicable to these defendants and whether these defendants are liable for such a violation of section 45.

## II. GIVEN THE PECULIAR RELIEF SOUGHT BY THE PLAINTIFFS UNDER SECTION 45 OF THE ILLINOIS BUSNESS CORPORATION ACT, THIS COURT IS WITHOUT JURISDICTION OVER THE INSTANT ACTION

██ It is generally recognized that penalties fixed by state law are not enforcible in federal courts. See e. g. Wisconsin v. Pelican Insurance Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239 (1888). There is clear and controlling precedent that since the nature of the recovery provided by the Illinois statute is a penalty, this Court is without jurisdiction over an action brought pursuant to section 45 of the Illinois Business Corporation Act. Schaefer v. H. B. Green Transportation Line, 232 F.2d 415 (7th Cir., 1956).[2]

---

1. Section 45 of the Illinois Business Corporation Act provides in relevant part:

   "Each corporation shall keep correct and complete books and records of account and shall also keep minutes of the proceedings of its shareholders and board of directors; and shall keep at its registered office or principal place of business in this State, or at the office of a transfer agent or registrar in this State, a record of its shareholders, giving the names and addresses of all shareholders and the number and class of the shares held by each. Any person who shall have been a shareholder of record or the holder of a Voting Trust Certificate for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and records of shareholders and to make extracts therefrom. A record of shareholders certified by an officer or transfer agent shall be competent evidence in all courts of this State. Any officer, or agent, or a corporation which shall refuse to allow any such shareholder or such holder or a voting trust certificate, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and records of shareholders, for any proper purpose, shall be liable to such shareholder or such holder of a voting trust certificate, in a penalty of ten per cent of the value of the shares owned by such shareholder or ten per cent of the value of the beneficial interest owned by such voting trust certificate holder, in addition to any other damages or remedy afforded him by law."

2. In this case the Seventh Circuit, unaided by any Illinois precedent held also that section 45 did not apply extraterritorially to a foreign corporation. Subsequent to *Schaefer*, the Illinois Supreme Court clearly held

This precedent is based not only on the interpretation of the Illinois Supreme Court that section 45 is a "penal" statute, but also on the Seventh Circuit's own reasoning that the penalty of section 45 is penal in nature rather than remedial.[3] See Babcock v. Harrsch, *supra*. If the amount sought to be recovered is arbitrarily exacted for some act or omission of the defendant, the action is essentially penal. However, if the action is to recover compensation based on a loss sustained by plaintiffs, it is remedial. In the instant action, the recovery sought under the Illinois statute is in no way connected with damages actually suffered by the plaintiffs. Plaintiffs merely seek judgment for a 10% penalty fixed without relation to any injuries suffered by them. In view of the determination of the Illinois Supreme Court and the Seventh Circuit, it is clear that the plaintiffs' demand for the penalty imposed by the Illinois statute for the alleged refusal to permit inspection is not enforcible in this district court and the instant action should be remanded to the Illinois State Court for its appropriate disposition.

## III. THE INSTANT ACTION FAILS TO MEET THE PREREQUISITES FOR REMOVAL UNDER 28 U.S.C. § 1441 AND THUS SHOULD BE REMANDED TO STATE COURT

The defendants removed the instant action from the Circuit Court of Cook County to this Court, claiming that it was "a civil action" "of which this Court has original jurisdiction" both of which are prerequisites for removal jurisdiction under 28 U.S.C. § 1441(a). It is clear to this Court that the instant action fails to meet the prerequisites for removal because this Court does not have original jurisdiction over the instant action.

First, it is well settled that this Court does not have original jurisdiction over this action seeking to enforce the 10% penalty of section 45 of the Illinois Business Corporation Act.[4]

Second, since the plaintiffs have originally brought this action as a state mandamus action, this Court does not have original jurisdiction.[5]

that section 45 could be applied to foreign corporations. See McCormick v. Statler Hotels Delaware Corporation, *supra*.

3. The defendants contend that federal courts do not have jurisdiction to enforce a "penal" statute and that it has long been established that this lack of jurisdiction is limited to criminal or quasi-criminal actions, unlike the instant action, in which the state itself or an official on behalf of the state is seeking to collect a penalty imposed because of a public wrong which will go into the State Treasury. This Court is mindful that from one point of view there is some support for this contention. See Ex Parte Gruetter, 217 U.S. 586, 30 S.Ct. 690, 54 L.Ed. 892 (1910) ; Cross v. Ryan, 124 F.2d 883 (7th Cir., 1941) ; certiorari denied 316 U.S. 682, 62 S.Ct. 1269, 86 L.Ed. 1755 (1942) ; Hartlieb v. Carr, 94 F. Supp. 279 (E.D.Ky., 1951). The Seventh Circuit in 1956, presumably mindful of such cases, held that section 45 was a penal statute. This Court cannot ignore this clearly controlling precedent and given our federal judicial system, this Court in the instant ruling cannot question the wisdom of the Seventh Circuit's prior ruling. Further, given our system of federalism and the State of

Illinois strong proclamation in regard to its local police power over foreign corporations doing business in its territory, any erosion of the *Schaefer* ruling might well amount to an unwarranted federal intrusion into the internal affairs of a state. This Court is most reluctant to engage in such an intrusion.

4. For purposes of removal jurisdiction, the party who brings the suit is master in deciding what law he will rely upon. The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913) ; Associated Telephone Co. v. Communication Workers of America C.I.O., 114 F.Supp. 334 (S.D.Cal.1953). Since the plaintiffs have styled this action as one for a writ of mandamus for inspection of requested documents and seeking to recover statutory penalties for refusal to allow such inspection, it is clear that the defendants desirous of federal jurisdiction cannot invent a new legal theory and putatively change the essential nature of the action because only the plaintiffs are allowed to say on what law they rely.

5. A mandamus proceeding is not a civil action over which the federal district courts have original jurisdiction, and hence such a

Even if the plaintiffs had not brought the instant action as one for a writ of mandamus, the entire action would have been remanded to the state court because the penalty of section 45, at this time—May 1974, is the major thrust and issue of the instant action and it pervades even a determination of any future relief as to the inspection and copying of U.S.I. books and records. Further, as this Court pointed out earlier, under our system of federalism it is more appropriate and proper for the Illinois state court to determine whether section 45 is applicable to the instant foreign defendants and whether the defendants according to local public policy are liable for a violation of section 45.

There is no indication that Congress intended by the removal mechanism to cause in the allocation of judicial business between state and federal courts the wholesale stampede of cases into the federal district courts. Boys Market, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970); City of Greenwood Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). It is well settled that the burden is on the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal in the first instance. Associated Telephone Co. v. Communication Workers of America C.I.O., *supra*, John Hancock Mutual Life Insurance Co. v. United O. & P. Workers, 93 F.Supp. 296 (D.N.J.1950);

Reeves v. American Brake Shoe Co., 74 F.Supp. 897 (E.D.Mo., 1947). It is clear to this Court that the defendants have failed in their burden of establishing their right to removal and the instant action should be remanded to the Illinois state courts.

Accordingly, it is hereby ordered that the plaintiffs' motion to remand is granted and this cause is remanded to the Circuit Court of Cook County Illinois, Law Division.

---

proceeding instituted in a state court is not removable. Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743 (1887); Santa Magarita Mutual Water Co. v. State Water Rights Board, 165 F.Supp. 870 (S.D. Cal., 1958). The crux of this doctrine is not that a mandamus proceeding fails to qualify as civil in nature, but that it is not within the federal district court's original jurisdiction and hence does not satisfy this additional requirement for removal. The federal court will, however, look through form to substance to determine whether the proceeding is basically one of mandamus or whether it is a proceeding at law or in equity over which it has original jurisdiction. See State ex rel. Glassell v. Shell Petroleum

Corp. 20 F.Supp. 795 (W.D.La.1937). See also "Mandatory Injunctions as Substitutes for Writs of Mandamus in the Federal District Courts: A Study in Procedural Manipulation", 38 Co.L.Rev. 903 (1938). This Court is of the opinion that the instant action is substantially within the procedural mechanism of a writ of mandamus. See Knapp v. Lake Shore Railroad Co., 197 U.S. 536, 25 S.Ct. 538, 49 L.Ed. 870 (1945); cf. Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968). The Illinois state courts have traditionally found that such mandamus actions as the instant one are proper. See Briskin v. Briskin Manufacturing Company, 6 Ill.App.3d 740, 286 N.E.2d 571 (1972).